Clara Zarkovich, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Borough of Aliquippa, Respondents.

Argued October 7, 1981, before Judges MENCER, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*John J. Petrush, Petrush & Miller, Ltd.,* for petitioner.

*Richard Urick, Duplaga, Tocci, Palmiere & McMillen,* for respondents.

OPINION BY JUDGE MACPHAIL, January 8, 1982:

This case involves a claim for benefits under The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §561. The Claimant is the mother of a worker who was killed in the course of his employment and seeks compensation on the basis of dependency under Section 307(5) of the Act. The Claimant filed a Fatal Claim Petition and on June 26, 1980, the referee rendered a decision awarding compensation as claimed. The Respondents, the Borough of Aliquippa (Employer) and its insurance carrier, Rockwood Insurance Company, appealed this decision to the Workmen's Compensation Appeal Board (Board). On December 24, 1980, the Board issued its decision reversing the referee and denying compensation. On January 2, 1981, by way of petition for review, the Claimant appealed her case to this Court.

The decedent, Louis H. Zarkovich, sustained a basilar skull fracture when he fell off the back of a Borough truck striking his head on the pavement. There is no dispute that this accident occurred while in the course of his employment. Three days later, on October 7, 1979, the decedent died as a result of the injuries he sustained in that accident.

At the time of his death, the decedent maintained an apartment of his own and lived by himself. He had been divorced since 1972. During his employment with the Borough, the decedent's average weekly earnings were $285.41. The decedent was survived by his mother, Clara Zarkovich (Claimant), and his brother who was serving in the United Armed Forces in Germany.

At the time of her son's death, the Claimant was 63 years old. She had been a widow since 1959. Her only source of income was a $242.00 Social Security payment and an $18.20 Supplemental Social Security payment. Her living expenses averaged $316.98 per month.[1] Thus, her living expenses exceeded her income level by $56.78. To defray this deficit the Claimant

---

[1] It was stipulated at the hearing before the referee that Claimant's expenses were as follows:

| | |
|---|---|
| Rent | $ 61.50 |
| (to Housing Authority of Beaver County, Inc. water, garbage & electricity) | |
| Food | 90.00 |
| ($1 per meal, 3 meals per day x 30 days) | |
| Telephone (average) | 8.00 |
| Clothing & Household Goods | 40.00 |
| Installment Loan | 39.38 |
| (HFC—home furniture) | |
| Hair Care | 37.00 |
| (wash and set once per week $7, 1 permanent every 3 mos. $20) | |
| Medicine | 3.52 |
| Doctor's care | 6.25 |
| Church Donation | 4.33 |
| ($1 per week) | |

testified that her son, the decedent, gave her on an average of $15 to $20 in cash each month.[2] The Claimant further testified if she needed money for a doctor's appointment, or extra money for groceries, or the holidays, the decedent would provide her with it. Although there was no set time of the month when decedent gave Claimant money, nor any specific amount, the Claimant testified that she had been relying on that additional support to meet her necessary living expenses since 1972.

Despite the $15 to $20 a month the decedent gave Claimant, there still existed a $36.78 to $41.78 deficit in her monthly budget. To make up the difference, the Claimant testified she would cut down on some of the expenses in her budget and put the money she saved there toward one of her other expenses. Based on the above facts, Claimant contended she was partially dependent on her deceased son and therefore entitled to benefits under Section 307.

Section 307 of the Workmen's Compensation Act provides in pertinent part:

> In case of death, compensation shall be computed on the following basis, and distributed to the following persons: Provided, That in no case shall the wages of the deceased be taken to be less than fifty per centum of the Statewide average weekly wage for purposes of this section.
>
> . . . .

| | |
|---|---|
| Transportation | 6.00 |
| (bus fares) | |
| Laundry | 13.00 |
| (4 loads per week: $.25 to wash each load, $.50 to dry each load) | |
| Dry Cleaning (average) | 2.00 |
| Newspaper (daily & Sunday) | 6.00 |
| TOTAL | $316.98 |

2 The decedent had no checking account.

5. If there be neither widow, widower, nor children entitled to compensation, then to the father or mother, if dependent to any extent upon the employe at the time of the injury, thirty-two per centum of wages but not in excess of the Statewide average weekly wage: Provided, however, That in the case of a minor child who has been contributing to his parents, the dependency of said parents shall be presumed: And provided further, That if the father or mother was totally dependent upon the deceased employe at the time of the injury, the compensation payable to such father or mother shall be fifty-two per centum of wages, but not in excess of the Statewide average weekly wage.

The referee found in relevant part:

11. That the claimant's average monthly expenses for maintaining and supporting herself exceeded her monthly income by approximately $56.78 per month and she was dependent on the decedent to defray this excess expense.

12. That the claimant was partially dependent upon the decedent at the time of his death and from some time prior thereto, accordingly, she is entitled to payment of compensation at the rate of $91.33 per week beginning on October 7, 1979. (i.e. average weekly wage $285.41 x 32% = weekly compensation rate of $91.33.)

Accordingly, the referee concluded that Claimant had met her burden of proving dependency and awarded workmen's compensation benefits to her.

The Board, however, reversed the referee and reasoned that finding of fact no. 11 was not supported by the record and must therefore be deleted. The Board further reasoned that finding of fact no. 12, involving dependency, is a conclusion of law and not a finding

of fact and therefore should be deleted. The Board concluded that since finding of fact 11 was deleted, the conclusion of law had no support and must also be deleted. It then entered an order which denied workmen's compensation benefits to the Claimant.

In her appeal, the Claimant contends the Board exceeded its authority in deleting the referee's finding of fact concerning dependency, because there was competent evidence showing that the Claimant's living expenses were greater than her income. Claimant further contends that the Board did not apply the statutory standard mandated by Section 307(5) of the Act, which requires compensation to be granted to those entitled, if they are "dependent *to any extent* upon the employe at the time of the injury. . . ." (Emphasis added.) We agree with both contentions.

The only question before us, as we see it, is whether or not there was any competent evidence to establish dependency of the mother upon the deceased employee. The relevant test of dependency was set forth by this Court in *Leipziger v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 417, 420, 315 A.2d 883, 885 (1974):

> The test of dependency is whether or not the child's earnings were needed to provide the parents with *some* of the ordinary necessities of life suitable for persons in their class and position, and that the parents were, consequently, *dependent to some extent* upon the child at the time of the accident causing his death. If the contribution of the deceased child were [sic] necessary to maintain the parents in an established, reasonable standard of living, this existing standard must be considered in determining the necessity for such contribution from the child. (Citations omitted.) (Emphasis added.)

Applying that test to the case now before us, it is our opinion that the evidence is competent and sufficient to support a finding of partial dependency.

The deceased being of full age, the burden was on Claimant to show affirmatively that she was dependent on her son at the time of the accident. Dependency is not affirmatively established by mere proof of the receipt of contributions; however, if there is competent evidence upon which an award of dependency is based, or an inference fairly deducible therefrom, such award must be sustained even though on independent examination a court would have found otherwise. *Id.* at 420, 315 A.2d at 885. In a workmen's compensation case, where the Board took no additional evidence, as here, the referee is the ultimate factfinder. *Jack Rowan v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 56, 426 A.2d 1304 (1981). Having assessed the credibility of the evidence, the referee may exercise his discretion to accept or reject the testimony of any witness, in whole or in part, and if the evidence accepted is such as a reasonable mind might accept as reasonable to support a conclusion, the Commonwealth Court is precluded from disturbing the referee's findings, even in the presence of evidence to the contrary. *American Refrigerator Equipment Company v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). Nor can a finding of a referee be overturned by the Workmen's Compensation Appeal Board simply because it disbelieves testimony believed by the referee. *Novaselec v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 550, 332 A.2d 581 (1975).

It is true that Section 307 of the Act, involving "dependency," contemplates actual dependency, but actual dependency is not construed to mean sole and exclusive support; partial support is within its pur-

view. The Act unambiguously states that the Claimant is entitled to benefits "if dependent to any extent upon the employe." If, as here, the contributions made by the decedent were needed by Claimant to provide her with some of the ordinary necessities of life, the requirements of the statute were met. *Williams v. John B. Kelly Co., Inc.*, 128 Pa. Superior Ct. 228, 230, 193 A.2d 97, 98 (1937). It is important to note also that dependency need not be to a great or considerable degree. *Smitti v. Roth Cadillac Co.*, 145 Pa. Superior Ct. 292, 21 A.2d 127 (1941). Despite Respondents' contention to the contrary, the issue of dependency is a question of fact.[3] *Id.* at 298, 21 A.2d at 130. As a result, both this Court and the Board are without power to substitute their judgment for that of the referee.

Since the Board took no additional evidence, it erred in passing on the witnesses' credibility and substituing its own finding for that of the referee by making an independent review of the record.

From the evidence introduced by the Claimant, indicating in detail her necessary expenses, we find there was substantial competent evidence to support a finding of partial dependency on the deceased's earnings in order to maintain herself and her household in the manner to which she was accustomed. *Leipziger.* Since there is substantial evidence in the record to sustain the findings of the referee, we must sustain the award and reverse the Board's order.

### ORDER

AND Now, this 8th day of January, 1982, the order of the Workmen's Compensation Appeal Board dated

---

[3] However, when the facts are admitted and permit of a single legitimate inference, the question of dependency becomes one of law and it becomes the Court's duty to so rule as a matter of law. *Dicampli v. General Electric Company*, 193 Pa. Superior Ct. 427, 165 A.2d 255 (1960).

December 24, 1980 is reversed and it is ordered that judgment be entered in favor of Clara Zarkovich and against the Borough of Aliquippa and Rockwood Insurance Company, its insurance carrier, for compensation for partial dependency at the rate of $91.33 per week from October 7, 1979 and continuing into the future within the meaning of the Workmen's Compensation Act of June 2, 1915, as amended, together with counsel fees in the total amount of $1,022.00 which sum shall be deducted from compensation payable to Mrs. Zarkovich and paid to Petrush and Miller, LTD., 909 Eighth Avenue, Beaver Falls, Pa.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.