Andrew Mikolay, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Borough of Coaldale, Respondents.

Argued February 4, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and DOYLE, sitting as a panel of three.

*Maureen E. Kaueger,* with her *Lester Krasno,* for petitioner.

*James E. Pocius,* with him *Joseph Lach, Lenahan & Dempsey,* for respondent, Borough of Coaldale.

OPINION BY JUDGE DOYLE, March 19, 1982:

Andrew Mikolay (Claimant) appeals to this Court from an order of the Workmen's Compensation Appeal Board (Board) affirming the decision of a referee dismissing claimant's petition for compensation. For the reasons which follow, we affirm the order of the Board.

Claimant was employed by the Borough of Coaldale (Employer) in various capacities beginning in 1926 until his voluntary termination on May 13, 1977. He worked periodically, from the start of spring to the end of summer, from 1957 to 1977 as a bulldozer operator which entailed covering garbage in a landfill three (3) days a week, seven and one-half (7½) hours per day. Claimant testified before the Referee that he was exposed to the rock dust from a rock pile used in the covering of the garbage. He admits that there was no coal mining going on during the time he worked and that his job involved working out in the open air. He never worked in the mines himself.

Claimant filed a claim petition for workmen's compensation, alleging that he became disabled on August 7, 1978. He alleged that the cause of his disability was silicosis as a result of his exposure to dust and silica during his employment for the period from 1957 to 1977. The record indicates that claimant's employment during that period included the operation of a bulldozer at a garbage landfill about three days each week. At the hearing, Claimant offered evidence concerning the working conditions at the landfill, and medical evidence regarding claimant's alleged disability was received from both Claimant and Employer. The referee dismissed Claimant's petition for failure to meet his burden of proof.

In a claim for disability benefits due to an occupational disease, the Claimant has the burden to prove that he was exposed to the hazards of that occupational disease in the course of his employment. Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(2). Although the record indicates that there was some dust present in the Claimant's work environment, the referee found that the claimant had not established that the coal or silica level was high enough to constitute a hazard. This Court has held that "the issue of whether or not an occupational hazard exist[s] [is] a question of fact to be resolved by the referee." *Shelmanski v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 527, 434 A.2d 847 (1981). The referee's findings of fact are conclusive upon the Commonwealth Court in the absence of a capricious disregard of competent evidence. *Lehigh Valley Manpower Program v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 430, 433 A.2d 935 (1981). Upon a review of the record, we find that the referee did not capri-

ciously disregard Claimant's evidence in reaching his conclusion on this issue.

As a finding of fact, the referee determined that Claimant was not totally and permanently disabled as a result of his alleged exposure to dust and silica from rock and coal. This determination was based on the unequivocal testimony of employer's witness, Dr. Norman M. Wall. Claimant asserts that this finding is in error because medical evidence to the contrary was also received at the hearing. This Court has held, however, that findings in a workmen's compensation case which were supported by unequivocal medical evidence will not be disturbed on appeal, even though contrary medical evidence was also received which could support a different result. The resolution of conflicts in the evidence is for the factfinder, not this Court. *Cox v. Workmen's Compensation Appeal Board*, 60 Pa. Commonwealth Ct. 59, 430 A.2d 1009 (1981).

Accordingly, we enter the following

ORDER

Now, March 19, 1982, the decision of the Workmen's Compensation Appeal Board, No. A-79131, dated April 9, 1981, is affirmed.