511 A.2d 927

William J. Harkins, Deceased, Violet Harkins, Widow *v.* Workmen's Compensation Appeal Board (Gulf Oil Corporation), Respondents.

Submitted on briefs April 7, 1986, to Judges MAC-PHAIL, COLINS and PALLADINO, sitting as a panel of three.

*Christina J. Barbieri,* with her, *Carl M. Mazzocone, Kates & Mazzocone,* for petitioner.

*Stephen J. Harlen, Swartz, Campbell & Detweiler,* for respondent, Gulf Oil Corporation.

OPINION BY JUDGE MACPHAIL, June 30, 1986:

Violet Harkins (Claimant), widow of William Harkins (Decedent), appeals a decision of the Workmen's Compensation Appeal Board (Board), affirming a referee's denial of benefits under her fatal claim petition. We affirm.

At the time of his death, Decedent worked in a supervisory capacity for Gulf Oil Corporation (Employer). At the hearings before the referee, Claimant and a co-worker of Decedent testified, over the objections of opposing counsel, that some two weeks before Decedent's death, Decedent complained that he had experienced pains in his chest and shortness of breath after lifting a heavy drum at work. Claimant also introduced the deposition testimony of Dr. Victor Digilio who testified, *inter alia,* that Decedent's death was work-related and that the drum-lifting incident played a material part in precipitating Decedent's death. Employer presented the testimony of Dr. John Helwig who testified, *inter alia,* that Decedent's death was not related to his work duties and that, assuming Decedent suffered pain after lifting the drums, this episode bore no connection with

his death two weeks later. Following the hearings, the referee found, based on the testimony of Dr. Helwig, that Decedent's death was not related to his work activities with Employer.

Claimant contends that the referee improperly excluded testimony from herself and the Decedent's co-worker regarding the relation to them by Decedent of the incident which occurred at the workplace two weeks before Decedent's death. The referee permitted both witnesses to testify but reserved his ruling on admissibility. He then permitted both medical witnesses to consider the testimony in rendering their expert opinions.

The referee subsequently ruled the testimony inadmissible, citing *Cody v. S.K.F. Industries, Inc.*, 447 Pa. 558, 291 A.2d 772 (1972), as authority therefor. In *Cody* our Supreme Court held that statements made by a decedent to his wife concerning the occurrence of an accident at work were outside the *res gestae* exception to the hearsay exclusionary rule because such statements lacked the requisite spontaneity. Our own Court has consistently applied the *Cody* ruling. *See Hatboro-Horsham School District v. Workmen's Compensation Appeal Board*, 35 Pa. Commonwealth Ct. 73, 384 A.2d 1050 (1978). *House Moving and Industrial Rigging, Inc. v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 21, 391 A.2d 1105 (1978), cited by Claimant is easily distinguished. There, our Court permitted the decedent's widow to testify as to decedent's complaints about pain and numbness but there was no attempt made to have the widow testify as to the cause of these symptoms.

Applying the same legal principles to the co-worker's testimony, the referee ruled that that testimony also must be excluded. Although the conversation between the Decedent and the co-worker was nearer to the time

of the alleged incident than that between Decedent and Claimant, it still lacked the requisite spontaneity. It was not until the Decedent and the co-worker were on the way home several hours after the incident is alleged to have occurred that Decedent told his co-worker about it.

We hold that the referee properly ruled the testimony of the Claimant and the co-worker regarding the lifting incident to be inadmissible.

Claimant also argues that the referee capriciously disregarded the evidence of her medical expert. Our review of the record discloses a clear conflict in the medical testimony presented by the litigants. That conflict was resolved by the referee in Employer's favor. It is within the referee's discretion to decide between conflicting medical testimony, *Kraemer v. Workmen's Compensation Appeal Board (Perkiomen Valley School District)*, 82 Pa. Commonwealth Ct. 469, 474 A.2d 1236 (1984), and his decision to do so does not constitute a capricious disregard of evidence. *The Bell Telephone Company of Pennsylvania v. Workmen's Compensation Appeal Board (Gussey)*, 91 Pa. Commonwealth Ct. 112, 496 A.2d 1277 (1985).

## ORDER

The Workmen's Compensation Appeal Board Order No. A-86061, dated May 24, 1984, is affirmed.