532 A.2d 65

John F. Whelan, Deceased, Genevieve Whelan, Widow, Petitioner *v.* Workmen's Compensation Appeal Board (F. H. Sparks Co. of Pa., Inc.), Respondents.

Submitted on briefs June 9, 1987, to Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Louis Kattelman,* for petitioner.

*Louis P. Lombardi, Dougherty & Stonelake,* for respondent.

OPINION BY JUDGE CRAIG, October 13, 1987:

Claimant Genevieve Whelan, the widow of John F. Whelan, appeals from an order of the Workmen's Compensation Appeal Board that affirmed a referee's decision and denied her claim for benefits with respect to the death of her husband.

The threshold question is whether the claimant met her burden of proof to establish an injury arising out of the decedent's work. If such an injury is established, then the next question is whether the claimant's evidence proved a causal realtionship between the injury and the decedent's death.

The decedent was employed by F. H. Sparks Co. of Pennsylvania, Inc., a company specializing in ornamental and monumental erection walls. On Wednesday, February 2, 1983, the decedent worked a full day in his capacity as general foreman of a job that the company was doing on a commuter tunnel in Philadelphia. He stayed home from work on the following two days, and he died suddenly at his home late in the evening of Friday, February 4, 1983. No autopsy was performed.

A co-worker testified in the hearing before the referee that on the morning of February 2, the decedent lifted one end of a heavy steel member, called a mullion, by himself, and roughly an hour later told the co-worker that he did not feel good. The decedent's brother, who was working with the decedent on the day of the alleged incident, and the decedent's immediate supervisor, who

spoke with him about an hour after the co-worker said the injury occurred, both witnesses for the claimant, testified that the decedent said nothing to them about any injury or lifting incident. The decedent had reported various work injuries in years past when they occurred.

In a worker's compensation claim petition, the burden is on the claimant to prove all of the elements necessary to sustain an award. *Bullock v. Building Maintenance, Inc.,* 6 Pa. Commonwealth Ct. 539, 297 A.2d 520 (1972). In this case, that burden requires the claimant to prove, first, an injury arising in the course of employment, and, second, a causal relationship between the injury at work and the decedent's death two days later. *Workmen's Compensation Appeal Board v. Jeddo Highland Coal Co.,* 19 Pa. Commonwealth Ct. 90, 338 A.2d 744 (1975).

Our scope of review on appeal of an administrative agency adjudication, regardless of which party prevailed below, is limited to determining whether there has been a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

On the issue of whether the claimant met her burden of establishing a work injury, the referee decided to disregard the testimony of the decedent's co-worker, Robert Oakes:

> 6. The Referee is not persuaded by the testimony of Robert Edward Oakes regarding the work injury of the decedent at approximately 10:00 a.m. on February 2, 1983 since this testimony is inconsistent, and implausible in relation to the other testimony by the Claimant.

This finding of fact is an express credibility determination by the referee rejecting the credibility of the co-

worker. Questions of credibility are for the referee in his unique role as factfinder, not for this court on review. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). Further, "it is a well-established principle that the referee may disbelieve a witness' testimony even in the absence of contradictory evidence." *Hilliard v. Workmen's Compensation Appeal Board,* 79 Pa. Commonwealth Ct. 96, 100, 468 A.2d 881, 883 (1983). Therefore, the referee did not commit an error of law in rejecting the testimony of the co-worker, and the rejected testimony could provide no basis for a finding that an injury at work in fact occurred.

Apart from the co-worker's testimony, there was no other admissible evidence tending to establish the alleged lifting difficulty at work. Over hearsay objections, the decedent's widow testified that, during the two days her husband spent at home before his death, he complained to her of chest pain, he repeatedly pointed to his upper left chest area to indicate where the pain was, and he said that he had pulled a muscle in his chest when he lifted something at work.

The claimant correctly points out in her brief that the case of *House Moving and Industrial Rigging, Inc. v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 21, 391 A.2d 1105 (1978), recognizes an exception to the hearsay rule in worker's compensation cases for statements of a declarant's then-existing physical condition where the declarant is dead and unable to testify. This exception would render admissible the decedent's statements to his wife regarding then-existing pain, his pointing (which was conduct intended as an assertion of the location of the pain), and his statements that he had pulled a muscle in his chest (which was simply a description of the kind of pain involved).

However, this court expressly reaffirmed recently that statements by a decedent to his wife concerning the occurrence of an accident at work are outside the *res gestae* exception to the hearsay exclusionary rule, and are not admissible. *Harkins v. Workmen's Compensation Appeal Board (Gulf Oil Corp.)*, 98 Pa. Commonwealth Ct. 441, 511 A.2d 927 (1986). *Harkins* distinguished *House Moving* on the basis that *House Moving* concerned only statements relating to the then-existing physical condition of a decedent, not to statements relating to the alleged cause of the condition. Therefore, the decedent's statements to his wife concerning his lifting something at work were inadmissible, and the referee's refusing to consider them for the purpose of establishing a work-related injury was proper.

Because the claimant's medical expert never examined the decedent, the doctor's testimony regarding what happened at work was derived solely from the information provided by the co-worker and the wife, and so could not provide a basis for a finding that an injury at work happened. In short, after the referee made the determination to disregard the testimony of the co-worker, there was no admissible evidence of record on which he might base a finding that an injury at work actually took place. Because our review indicates that the claimant failed to meet her burden of establishing a work-related injury, we need not reach the question of whether such an injury, if established, could be causally connected to the decedent's death two days later.

The decision of the Workmen's Compensation Appeal Board is affirmed.

### ORDER

Now, October 13, 1987, the decision of the Workmen's Compensation Appeal Board, No. A-90564, dated July 25, 1986, is affirmed.