538 A.2d 601

John Aggouras, Deceased, Efstathios Aggouras, Father, Petitioner *v.* Workmen's Compensation Appeal Board (Olympic Blasting & Sand Company), Respondents.

Olympic Blasting & Sand Company, Petitioner *v.* Workmen's Compensation Appeal Board (Aggouras), Respondents.

Argued December 17, 1987, before Judges MACPHAIL, BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Edward J. Morris, P.C.,* for petitioner.

*Sandra R. Craig,* with her, *Joseph S. Bekelja, Margolis, Edelstein, Scherlis, Sarowitz and Kraemer,* for Olympic Blasting and Sand Company.

OPINION BY SENIOR JUDGE BARBIERI, February 29, 1988:

Efstathios Aggouras (Claimant), father of John Aggouras (Decedent) and Olympic Blasting & Sand Company (Employer) both petition for review of the order of the Workmen's Compensation Appeal Board (Board) granting Claimant's fatal claim petition pursuant to Section 301(a) of The Pennsylvania Workmen's Com-

pensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §431. We reverse and reinstate the decision of the referee dated September 7, 1983, dismissing the fatal claim petition.

Decedent was killed on June 28, 1978, when he was struck by a beam while engaged in painting overhead bridges on the Pennsylvania State Turnpike on behalf of his employer. Decedent's wife, Dolores Aggouras, and his father, Efstathios Aggouras, both filed fatal claim petitions. The referee found that Decedent had been separated from his wife for six years, that divorce proceedings had been filed, and that no financial dependency existed. He therefore dismissed Dolores Aggouras's petition. This petition is not at issue here.

Decedent's father, Claimant, is a resident and citizen of Greece who has not seen Decedent since his son emigrated from Greece in 1972. He testified that Decedent sent him $50.00 per month in cash on which he was dependent, from 1972 until his son's death. Claimant was unable to produce any records or receipts as to expenses or monies received. On October 28, 1980, the referee dismissed Claimant's petition on the grounds that Claimant had not proved under Section 310 of the Act that the nation of Greece would allow recovery to a non-resident American citizen in a fatal claim petition filed under Greek law.[1] On appeal, the Board remanded

---

[1] Section 310 of the Act, 77 P.S. §563 reads in pertinent part:
Alien widows, children and parents, not residents of the United States, shall be entitled to compensation, but only to the amount of fifty per centum of the compensation which would have been payable if they were residents of the United States: Provided, That compensation benefits are granted residents of the United States under the laws of the foreign country in which the widow, children or parents reside. Alien widowers, brothers and sisters who are not residents of the United States shall not be entitled to receive any compensation. In no event shall any nonres-

the case to the referee to determine if Claimant was dependent and to interpret the validity of Section 310 of the Act in light of the Friendship, Commerce and Navigation Treaty Between the United States of America and Greece (Treaty).[2]

On April 13, 1982, the referee issued a second decision specifically finding the Claimant's testimony that he received $50.00 per month from the Decedent insufficient as a matter of law to establish substantial dependency (R.R. 193a). He also refused to rule on the constitutionality of Section 310 of the Act. On appeal, and without taking additional evidence, the Board reversed the referee, holding that "(w)e have determined from a review of the record that decedent's father was in fact dependent on the decedent for a substantial amount of his support." (R.R. 201a) The Board further held that the terms of the Treaty satisfied the requirements of

ident alien widow or parent be entitled to compensation in the absence of proof that the alien widow or parent has actually been receiving a substantial portion of his or her support from the decedent . . .

[2] Treaty of Friendship, Commerce and Navigation, August 3, 1951, United States-Greece, T.I.A.S. No. 3057. Article XI of the Treaty specifically provides as follows:

1. Nationals of Greece shall be accorded within the territories of the United States of America and reciprocally nationals of the United States of America shall be accorded within the territories of Greece, national treatment in the application of laws and regulations that establish a pecuniary compensation, or other benefit or service, on account of disease, injury or death arising out of and in the course of employment, or due to the nature of employment (R.R. 186a).

Claimant argues that Section 310, which authorizes an alien parent to receive compensation in the amount of only fifty percent of the amount that a resident of the United States would receive, is in conflict with the Treaty which authorizes full recovery and must therefore be declared invalid under the Federal Supremacy Clause of the United States Constitution, U.S. CONST., art. VI, cl. 2.

Section 310 and remanded the case for computation of benefits.

On September 7, 1983, the referee issued a third decision finding that Claimant was not a credible witness as to dependency and dismissing the petition. The referee also noted that as a matter of law the Board had no right to overturn a decision simply because it believed testimony discredited by the referee (R.R. 218-219a). On appeal, the Board once again reversed the referee and remanded for computation of benefits. On July 17, 1986, the referee issued his fourth decision awarding benefits based on a partial dependency rate of thirty-two percent of Decedent's wages, which he then divided by fifty percent under Section 310 for an award of $70.40 per week. Employer was also ordered to pay attorney fees of twenty percent and funeral expenses. The Board affirmed the award of partial benefits but reversed the award of attorney fees.

Both parties now petition this Court for review. Claimant asserts that it was error to divide the benefits awarded by fifty percent because Section 310 is unconstitutional under the Federal Supremacy Clause of the United States Constitution[3] and that he is entitled to attorney fees. Employer contends that it was error for the Board to overturn the referee's finding that no dependency existed and the petition should be dismissed.

Because we find it was error for the Board to overturn the referee's findings as to the credibility of the Claimant regarding dependency we do not reach the issue of the constitutionality of Section 310. In *Zarkovich v. Workmen's Compensation Appeal Board (Borough of Aliquippa)*, 64 Pa. Commonwealth Ct. 36, 42, 439 A.2d 210, 214 (1982) we held that:

---

[3] *See* note two. The referee repeatedly refused to rule on the constitutionality of Section 310 and the Board merely noted that it was required to presume the law is constitutional (R.R. 260a).

In a workmen's compensation case, where the Board took no additional evidence, as here, the referee is the ultimate fact finder. Having assessed the credibility of the evidence, the referee may exercise his discretion to accept or reject the testimony of any witness, in whole or in part, and if the evidence accepted is such as a reasonable man might accept as reasonable to support a conclusion, the Commonwealth Court is precluded from disturbing the referee's findings, even in the presence of evidence to the contrary. Nor can a finding of a referee be overturned by the Workmen's Compensation Appeal Board simply because it disbelieves testimony believed by the referee. (Citations omitted.)

The Board took no additional evidence in this case yet it chose to twice overturn the factual and legal determinations of the referee based on his assessment of Claimant's credibility that the evidence presented did not prove dependency. In his decision of April 13, 1982, the referee stated in finding of fact No. 8:

8. Assuming that Efstathios Aggouras received $50.00 per month from his son, the deceased, for the length of time that the deceased lived in the United States, I find as a matter of fact that such amount is insufficient to constitute dependency under the terms of the Act. (R.R. 192a)

The Board's response to this finding was contained in its opinion of June 9, 1983:

We have determined from a review of the record that decedent's father was in fact dependent on the decedent for a substantial amount of his support. The father received a pension in the amount of $100 from the Greek government and the decedent sent the sum of $50 per month to

his father for seven (7) full years prior to his death. We have determined that this support from the decedent to his father was vital to the father's existence and therefore represents a substantial contribution of support to the father. (R.R. 201a)

The Board then remanded the case to the referee who on September 7, 1983, made the following findings of fact:

6. The Referee has made no finding of fact in either of his two decisions in this matter regarding the amount of money, if any, sent by the decedent to the Claimant.

7. There has been no finding of fact made by the Referee in either of his two previous decisions on which to base a rate of compensation for the Claimant, even if he were to meet his burden of proof under Section 310.

8. In support of the Claimant's position that the Claimant was dependent on the decedent for income, the Claimant produced only his own testimony.

9. The Claimant did not produce any letters, receipts or other correspondence from the decedent. The Referee finds that the Claimant's testimony with respect to dependency is not credible on the issue of whether or not the Referee makes a finding that no monies were sent to the Claimant by the decedent.

10. The Fatal Claim Petition filed herein should therefore be dismissed. (R.R. 217-218a)

On appeal, the Board's opinion responded to these additional findings with the identical language of its prior opinion of June 9, 1983, quoted above. (R.R. 238a).

The Board has clearly exceeded its scope of review by substituting its own findings regarding the credibili-

ty of Claimant in place of the referee's. *Rockwood Area School District v. Workmen's Compensation Appeal Board (Tipton),* 98 Pa. Commonwealth Ct. 309, 511 A.2d 263 (1986). Since the Board took no additional testimony, questions of credibility are the sole province of the referee. *Weaver v. Workmen's Compensation Appeal Board (Pennsylvania Power Co.),* 87 Pa. Commonwealth Ct. 428, 487 A.2d 116 (1985). Furthermore, it is well settled that the referee may disbelieve the testimony of a witness even in the absence of contradictory evidence, and his findings as to credibility in his unique role as fact finder are not for this Court for review. *Whelan v. Workmen's Compensation Appeal Board (F.H. Sparks Co.),* 110 Pa. Commonwealth Ct. 242, 532 A.2d 65 (1987). The findings by the referee in the present case that the testimony of Claimant was not credible, which testimony represented the sole evidence of dependency, binds not only the Board but this Court. Consequently, we are compelled to reverse the order of the Board and reinstate the September 7, 1983, decision of the referee.[4]

ORDER

Now, February 29, 1988, the order of the Workmen's Compensation Appeal Board at No. A-92046, dated November 19, 1986, is reversed, and the decision of the referee dated September 7, 1983, is reinstated.

---

[4] It is of no moment that the Board again remanded the case and that finally the referee acceded to the Board's unauthorized directions to make its findings in lieu of those of the referee, since the Board's illegal remand order after the referee's decision of September 7, 1983, was interlocutory and not yet reviewable by this Court. *Rockwood. See also Fessler v. Workmen's Compensation Appeal Board (Nationwide Insurance Company),* 86 Pa. Commonwealth Ct. 198, 484 A.2d 422 (1984).