545 A.2d 485

Onfrey ˙Sulyma, Petitioner *v.* Workmen's Compensation Appeal Board (Minersville Area School District), Respondents.

Submitted on briefs June 7, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Lester Krasno,* for petitioner.

*Frank L. Tamulonis,* with him, *Paul J. Dufallo, Zimmerman, Lieberman & Derenzo,* for respondent.

OPINION BY SENIOR JUDGE BARBIERI, August 11, 1988:

Onfrey Sulyma (Claimant) petitions for review of the order of the Workmen's Compensation Appeal Board (Board) dismissing his claim petition under the occupational disease provisions of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1601.1. We affirm.

Claimant was employed as a custodian for Minersville Area School District (Employer) from 1957 to 1977. Prior to 1957, Claimant worked as an underground miner in the anthracite coal mining industry for ten years. From 1957 to 1968, Claimant worked in the boiler room of the old Minersville Area High School, tending the hand fired coal boilers that heated the school. It was his responsibility to shovel the coal that heated the boilers directly into the coal furnace. In 1968, Claimant taught a year of metal shop class and was subsequently promoted to supervisor of custodians. In 1972, a new high school was built utilizing an automatic coal feeder for the coal boilers. Claimant continued to maintain an office in the boiler room adjacent to the enclosed coal bin but no longer shoveled coal. A subordinate assumed primary responsibility for operating the furnaces, although Claimant assisted him in

maintaining the system. Claimant retired in 1977. He was subsequently notified by his treating physician that he had developed anthraco-silicosis and this claim petition followed.

It is Claimant's burden under Sections 301(c) and 108(q) of the Act, 77 P.S. §§413 and 27.1(q), respectively, to prove that after June 30, 1973, the effective date of the new occupational disease provisions of the Act, he was exposed to coal dust during the course of his employment. *See Mathies Coal Company v. Workmen's Compensation Appeal Board (Kozlevchar)*, 41 Pa. Commonwealth Ct. 542, 399 A.2d 790 (1979). The referee found that Claimant was not exposed to coal dust during the course of his employment after June 30, 1973, did not suffer from anthraco-silicosis or any other occupational disease within the meaning of Section 108(q) or Section 108(n) and consequently was not entitled to the presumption of Section 301(c) that such occupational disease arose out of and in the course of his employment. The Board affirmed.

The referee's key findings are that after 1972 the new Minersville Area High School was equipped with automatic coal stokers, that the coal delivered to feed these stokers was already processed coal, washed and wet when delivered, and that there is no significant silica present in processed coal which has been separated, sized and washed (Referee's Findings of Fact Nos. 9, 10, 16). There is substantial evidence in the record to support these findings and to conclude that Claimant was not exposed after June 30, 1973 to the hazards of an occupational disease.

Claimant testified that after 1972, it was only necessary to hand fire or start the coal boilers once every year and it was the primary responsibility of the fireman, Dan Weiderhold, to do this (N.T. 9/2/82, p. 30). Claimant concedes the coal delivered had been processed,

cleaned and washed prior to delivery and that it fed automatically into the boilers (N.T. 9/2/82, pp. 32-33). Dan Weiderhold testified that any dust present in the new boiler room was from ash that he removed from the boilers (N.T. 6/21/83, pp. 16-17). As supervisor, Claimant's office was in the boiler room, but his duties supervising seventeen other custodians frequently took him elsewhere. Based on these facts we believe that the referee's determination that Claimant was not exposed to a significant silica hazard is supported by substantial evidence. *Mikolay v. Workmen's Compensation Appeal Board (Borough of Coaldale)*, 65 Pa. Commonwealth Ct. 403, 442 A.2d 430 (1982); *Shemanski v. Workmen's Compensation Appeal Board (Kaiser Mirawal)*, 61 Pa. Commonwealth Ct. 527, 434 A.2d 847 (1981).

Claimant also asserts that it was error for the referee to find Employer's physician's testimony that Claimant suffered from congestive heart failure related to obesity more credible than that of Claimant's physician's diagnosis of anthraco-silicosis. At the time of the hearing, Claimant was 68 years old, five feet nine and one half inches tall, and weighed approximately 290 to 300 pounds (Referee's Finding of Fact No. 11.)

It is the referee's prerogative to reject or accept the medical opinion of one expert witness over another. *Bruckner v. Workmen's Compensation Appeal Board (Lancaster Area Vo-Tech)*, 104 Pa. Commonwealth Ct. 290, 521 A.2d 980 (1981); *Harkins v. Workmen's Compensation Appeal Board (Gulf Oil Corp.)*, 98 Pa. Commonwealth Ct. 441, 511 A.2d 927 (1986). It is not error for the referee to accept the opinion of Employer's physician that Claimant's chest x-ray indicates emphysema over that of Claimant's physician who testified that the x-ray indicates stage one pneumoconiosis, the least degree of pneumoconiosis that will appear on an x-ray (N.T. 11/17/82, p. 10). The referee's findings are further

bolstered by the admission of Claimant's physician that he ordered two sets of pulmonary function studies because the results of the first one were normal and did not corroborate his diagnosis (N.T. 11/17/82, p. 12). The referee is free to reject this medical testimony even if it was uncontradicted. *Werner v. Workmen's Compensation Appeal Board (Bernardi Bros., Inc.)*, 102 Pa. Commonwealth Ct. 463, 518 A.2d 892 (1986). Consequently, we find no error in the Board's decision, which must be affirmed.

ORDER

Now, August 11, 1988, the order of the Workmen's Compensation Appeal Board at No. A-91447, dated July 10, 1987, is hereby affirmed.