620 A.2d 657

**Jacqueline T. HALLER, Mother, Donald C. Haller, Jr., Deceased, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (RAINBOW SIGN SERVICES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 27, 1992.

Decided Jan. 28, 1993.

---

150

David R. Dautrich, for petitioner.

George E. Mehalchick, for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and BLATT, Senior Judge.

BLATT, Senior Judge.

Jacqueline T. Haller (claimant), mother of Donald C. Haller (deceased), appeals from the order of the Workmen's Compensation Appeal Board (Board) which reversed the referee's decision granting dependency benefits pursuant to Section

307(5) of The Pennsylvania Workmen's Compensation Act (Act).[1]

On January 11, 1990, the deceased, while working as a sign installer for Rainbow Sign Services (employer), fell from the roof of a five story building and sustained fatal injuries. On April 2, 1990, the claimant filed a fatal claim petition averring facts related to her son's employment and death and that she was financially dependent on him.

Following hearings at which only the claimant offered evidence, the referee awarded benefits, attorneys fees for an unreasonable contest, a funeral allowance, and therapy bills. The referee found that the decedent resided with the claimant; that on the date of decedent's death the claimant was disabled as a result of a prior injury on November 1, 1989; that the claimant had no checking or savings accounts or credit cards; that the claimant received no outside income other than a sickness and accident policy payment; and that the decedent, with the exception of the period during which the claimant received a sickness and accident insurance payment, exclusively paid the rent. The referee also found that the claimant listed the decedent as a dependent on her 1989 income tax return. Finally, the referee found that the claimant was totally dependent on the decedent at the time of his death.

On appeal by the employer, the Board reversed the award of compensation without reaching the issues of an unreasonable contest and therapy costs. The Board reasoned that the evidence showed that the claimant and the decedent merely shared living expenses and that the claimant was entitled to sickness and accident benefits. The claimant appeals from the order of the Board.[2]

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 561(5), which provides that in the absence of a widow, widower or children, a mother or father, if dependent to any extent upon an employee at the time of injury, is entitled to thirty-two per centum of his wages and, if totally dependent, is entitled to fifty-two per centum of his wages.

2. Where the party with the burden of proof has prevailed below, our scope of review on appeal is limited to whether necessary findings are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. *Mika-*

The dispositive issue raised by the parties is whether substantial evidence supports the referee's finding that the claimant was totally dependent on the decedent at the time of his death.

Where the Board takes no additional evidence the referee is the ultimate factfinder, and may accept or reject the testimony of any witness, in whole or in part. *Zarkovich v. Workmen's Compensation Appeal Bd.*, 64 Pa.Commonwealth Ct. 36, 439 A.2d 210 (1982). The Board is without power to substitute its own findings for those of the referee by making an independent review of the record. Further, a claimant who has been awarded compensation is entitled to the most favorable inferences reasonably deducible from the testimony. *Duquesne Light Co. v. Gurick*, 46 Pa.Commonwealth Ct. 150, 405 A.2d 1358 (1979). If there is competent evidence upon which an award of dependency is based, or an inference fairly deducible therefrom, such award must be sustained even though an independent examination of a court would have found otherwise. *Zarkovich.*

The determination of dependency is a mixed question of law and fact. *Id.* The term "dependency" as used in Section 307(5) contemplates "actual dependency" which must affirmatively appear in the record as a fact and is not affirmatively established by mere proof of the receipt of contributions. *Leipziger v. Workmen's Compensation Appeal Bd.*, 12 Pa.Commonwealth Ct. 417, 315 A.2d 883 (1974).

The claimant argues that substantial evidence supports the referee's finding that she was totally dependent on the decedent at the time of his death. The evidence shows, prior to the claimant's disabling injury, an ongoing relationship of financial interdependence dictated by whomever had earnings at any given time. This financial interdependency underscores, rather than negates, the condition of total dependency

*Ionis v. Workmen's Compensation Appeal Bd.*, 25 Pa.Commonwealth Ct. 166, 361 A.2d 483 (1976); *Russell v. Workmen's Compensation Appeal Bd. (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

that existed at the time of the decedent's death when he was the sole wage earner because of his mother's disabling injury.

The fact that the claimant had been gainfully employed until disabled by her own injury two months prior to the decedent's accident does not bar her eligibility for benefits. While we recognize that a determination of dependency is not confined to conditions existing upon the exact date of the accident, *Dindino v. Weekly Review Publishing Co.*, 188 Pa.Superior Ct. 606, 149 A.2d 475 (1959), but should be based on a reasonable period of time prior to the date of death, *Cf. Smitti v. Roth Cadillac Co.*, 145 Pa.Superior Ct. 292, 21 A.2d 127 (1941), we note that the statute does not prescribe a period of dependency before which a claimant is ineligible and, absent clear legislative intent, we will impute none. Moreover, whether the claimant worked in the past or may be able to work in the future has no bearing on her dependency status at the time of the decedent's death. *Norris v. Philadelphia Life Insurance Co.*, 137 Pa.Superior Ct. 293, 9 A.2d 159 (1939).

Further, the fact that the claimant received an accident insurance payment does not convert her status to that of partial dependency. The Superior Court has interpreted the phrase "total dependency" to mean "without any other source of income or livelihood," *Cardone v. Jennings*, 133 Pa.Superior Ct. 318, 2 A.2d 590 (1938); *Dindino*. However, like the referee, we do not find the insurance payment here to constitute a "source of income" barring eligibility for total dependency. There is nothing in the record which shows that such payments were regular and ongoing in nature or were more than mere compensation for the injuries suffered by the claimant.

Because the record contains substantial evidence to support the referee's finding of total dependency, we find no error in the conclusion that she was entitled to full benefits. Accordingly, the order of the Board is reversed and this matter is

remanded for further proceedings on the issues of an unreasonable contest and therapy bills.[3]

## ORDER

AND NOW, this the 28th day of January, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed and this matter is remanded to the Board for further proceedings on the issues of an unreasonable contest and therapy costs.

Jurisdiction relinquished.

**3.** Contrary to the employer's contention, the Board did not resolve the remaining issues in its favor as the Board did not reach those issues.