Orie Cooper, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, G. C. Thomas Mfg. Co. and Employers Mutual Liability Insurance Co., Respondents.

Argued December 5, 1979, before Judges Wilkin-son, Jr., Blatt and Craig, sitting as a panel of three.

*Orie Cooper,* petitioner, for himself.

*David P. Rovner,* with him *James K. Martin,* for respondents.

Opinion by Judge Craig, February 28, 1980:

Claimant Orie Cooper appeals from an order of the Workmen's Compensation Appeal Board (board) which affirmed a referee's decision denying him benefits because he failed to establish by substantial evidence a work-related injury as required under Section 411 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §834 (Act).

Claimant states that, on August 15, 1974, his employer asked him to remove a part from a truck. Claimant alleges that he was squatting under the

truck, removing a bolt, when the wrench he was pulling on slipped from the bolt causing him to strike his head against a metal object.

Claimant asserts that the alleged accident caused injury to his neck and back, and therefore, in October, 1974, he underwent a cervical spine operation.

However, the referee, in disallowing compensation, found:

> 6. . . . based on all the testimony taken as well as reports received and a visit to the scene of the alleged work related injury, that the claimant has failed to establish credibility as to the occurrence of an injury nor that he reported any injury until several days later.
>
> . . . .
>
> 9. . . . claimant has failed to establish credibility as to the occurrence of any work-related injury after medical witnesses for both parties testified under direct and cross-examination as per remand order.

On appeal claimant contends that the referee capriciously disregarded competent evidence given by claimant in his own behalf. Claimant also contends that the referee based his disposition of this case chiefly on his personal observation of the scene, and that the referee thereby became an opposition witness not subject to cross-examination.

In workmen's compensation cases, the fact-finding function, including determinations of credibility, rests with the referee—not with the board or this court. Our review of such determinations of the referee is limited to whether or not the referee capriciously disregarded competent evidence. *Wheeling Pittsburgh Steel Corp. v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 279, 398 A.2d 1107 (1979).

After reviewing the record, we cannot hold that the referee capriciously disregarded competent evidence presented by claimant on his own behalf. Instead, we must conclude, as did the referee, that claimant failed to meet his legal burden of proving his entitlement to benefits by substantial evidence. *Novaselec v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 550, 332 A.2d 581 (1975). The referee's resolution of conflicting competent testimony is not grounds for reversal. Moreover, the referee's power to determine the credibility of conflicting testimony includes conflicting medical testimony. *Workmen's Compensation Appeal Board v. Quick,* 25 Pa. Commonwealth Ct. 203, 359 A.2d 852 (1976). Therefore, Finding No. 9, alone, supports the referee's decision.

We disagree with claimant's contention that the referee relied excessively on his view of the accident to the exclusion of otherwise uncontradicted testimony of the claimant regarding the circumstances of the alleged accident. Triers of fact may always visit and inspect the site to secure a better understanding of the evidence and to enable them to determine the relative weight of the conflicting testimony. *Cowan v. Bunting Glider Co.,* 159 Pa. Superior Ct. 573, 49 A.2d 270 (1946). The referee in the case before us used the view to determine what weight to give evidence bearing upon the alleged accident. After viewing the scene and claimant's reenactment of the supposed accident, the referee was better enabled to make the crucial factual determination.

Accordingly, we affirm the decision of the Workmen's Compensation Appeal Board.

## Order

And Now, this 28th day of February, 1980, the order of the Workmen's Compensation Appeal Board, Docket No. A-74295 dated February 28, 1979, is affirmed, and claimant's appeal is dismissed.

President Judge Bowman did not participate in the decision in this case.

Judge DiSalle did not participate in the decision in this case.