Pattie C. Hilliard, Petitioner *v.* Workmen's Compensation Appeal Board (William Penn Hotel), Respondents.

William Penn Hotel, Petitioner *v.* Workmen's Compensation Appeal Board (Hilliard), Respondents.

Submitted on briefs October 6, 1983, to Judges WILLIAMS, JR., BARRY and BLATT, sitting as a panel of three.

*Eugene A. Lincoln,* for petitioner, Pattie C. Hilliard.

*James W. Young, Jr., Sharlock, Repcheck, Engel & Mahler,* for respondent/petitioner, William Penn Hotel.

*Mark Gordon, Meyer, Darragh, Buckler, Bebenek & Eck,* for Commercial Union Insurance Companies and William Penn Hotel.

OPINION BY JUDGE BLATT, December 14, 1983:

The present appeals involve an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's order which dismissed a petition, dated February 9, 1979, claiming benefits for a wrist fracture, and which awarded benefits sought under a second petition, dated November 27, 1979, claiming a work-related injury from the aggravation of a pre-existing granuloma (lesion). Pattie C. Hilliard (claimant) appeals the dismissal of the February 9 petition and the time period for which benefits were awarded under the November 27 petition.[1] Appeal No. 2119 C.D. 1982. The William Penn Hotel (employer) and its insurer, Commercial Union Insurance Co., have cross-appealed the Board's decision to award benefits for the aggravation of the pre-existing condition. Appeal No. 2182 C.D. 1982. These appeals were consolidated for disposition.

---

[1] The referee awarded benefits from April 18, 1979 through September 19, 1979 for total disability resulting from the aggravation of her granuloma condition. The claimant argues that benefits should have been awarded from November 20, 1978 through July 17, 1980.

The claimant had filed two claim petitions. The February 9 petition alleged that she had fractured her wrist at work on January 11, 1979 while attempting to kill a rat. In the November 27 petition, she alleged that a pre-existing condition had been aggravated by her exposure to cleaning fluids used in the course of her employment. Following the referee's decision which denied benefits for the wrist fracture but awarded benefits for aggravation of a pre-existing granuloma, both the claimant and the employer appealed to the Board which, in turn, remanded for clarification of the referee's findings.[2] At this point, the two claim petitions were consolidated, and additional evidence was heard by the referee who then resubmitted similar findings and an identical order to the Board. The Board affirmed the referee's decision to dismiss the wrist fracture claim (February 9 petition) and to award benefits for the aggravation of the pre-existing granuloma (November 27 petition). The present cross-appeals followed.

Our scope of review in a workmen's compensation case where the party with the burden of proof, here the claimant, did not prevail below and where the Board took no additional evidence is limited to a determination of whether or not the referee as fact-finder capriciously disregarded competent evidence, leaving to the referee questions of credibility and the resolution of conflicts in testimony. *Cooper v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 488, 411 A.2d 859 (1980).

---

[2] In hearings concerning the alleged work-related fracture, claimant presented evidence, without objection, on her granuloma and surgery for an ulnar nerve palsy to the left wrist. While dismissing the claim for the fracture, the referee awarded benefits for the aggravation of the pre-existing condition which he concluded led to the ulnar nerve palsy and consequent surgery. Not having the November 27 claim petition before it, the Board remanded for clarification.

With regard to the February 9 claim petition, the referee found that "[s]ometime during the period from October, 1978 to January 19, 1979, claimant fractured her left wrist; but the said injury was not sustained in the course of her employment with employer, nor was it related thereto." The claimant argues that the referee capriciously disregarded competent evidence when he held that the wrist fracture did not occur in the course of employment. She testified before the referee that she injured her wrist at work on January 11, 1979. She presented no corroborating testimony, the referee obviously chose not to believe her testimony,[3] and, it is a well-established principle that the referee may disbelieve a witness' testimony even in the absence of contradictory evidence. *Zander v. Workmen's Compensation Appeal Board (Warrington Equipment Co.)*, 68 Pa. Commonwealth Ct. 412, 449 A.2d 784 (1982).

The claimant argues alternatively that her wrist, weakened by her granuloma condition, fractured.[4] Where, as here, no obvious causal connection exists between a claimant's injury (fractured wrist) and the alleged cause (granuloma), the claimant must offer unequivocal medical testimony to establish the causal relationship. *Porochniak v. Workmen's Compensation Appeal Board*, 67 Pa. Commonwealth Ct. 368, 447 A.2d 346 (1982). We held recently in *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board (Lucas)*, 77 Pa. Commonwealth Ct. 202,

---

[3] During his testimony, Dr. Phillips related the incident which claimant had told him resulted in her wrist fracture. The claimant argues that this testimony is unequivocal medical evidence that the fracture occurred at work. We note that a medical expert's testimony predicated upon his patient's statements cannot be unequivocal medical evidence.

[4] We note that the referee did find a work-related aggravation of claimant's granuloma.

465 A.2d 132 (1983) that "unequivocal medical testimony" is expert medical testimony that the claimant's "condition . . . *did* [in fact] come from the work experience." *Id.* at 206, 465 A.2d at 134 (emphasis added). We also held there that the medical expert's testimony need not be without *any* reservation but is sufficient if the testimony consists of competent evidence which will, if accepted by the fact-finder, support an award. *Id.* In the case *sub judice,* however, the claimant's expert medical witness, Dr. Howard T. Phillips, an orthopedic surgeon, testified that lesions or granuloma could be an *indirect cause* of the fracture inasmuch as the claimant, due to the granuloma, would not use her left wrist and the bone would, therefore, weaken and fracture more easily. He also stated that the granulous condition was not in his field of expertise and that he did not know if the lesions or granuloma were the cause of the fracture.[5]

As to the petition filed on November 27, the referee found: that the claimant had a pre-existing infection or inflammation (granuloma) on her left wrist;

---

[5] Dr. Phillips' testimony was as follows:

Q Dr. Phillips, do you have an opinion on the matter of the skin condition and whether that condition can be attributed to the injury that you testified to regarding the fracture?

A The skin condition, itself, the nature of it, I really can't comment. I have no expertise in this field.

However, there is a possible relationship between a fracture and a lesion of this type, at least in my mind, depending on the chronicity of the lesion. . . . [T]he bone can undergo what we call disuse osteoporsis.

* * * *

Q Is that your medical opinion, that that was an indirect cause?

A It could have been.

Q But, was it?

A I don't know.

that she remained able to perform her job as a seamstress with the employer despite the granuloma; that, on September 25, 1978, the employer reassigned her to duties as a cleaner; that she regularly used cleaning fluids in her new position; that, in October of 1978 she suffered an aggravation or reactivation of the granuloma; that this aggravation resulted from contact with and exposeure to dust and cleaning fluids in her work as a cleaner; that she continued to work until April 18, 1979 when she was hospitalized and had *surgery for an ulnar nerve palsy* of the left wrist; that she was totally disabled from April 18, 1979 through September 20, 1979 following this surgery; and that she suffered no loss of earning power as of September 20, 1979.

Inasmuch as the claimant, who had the burden of proof, prevailed before the referee with regard to the November 27 petition and the Board took no additional evidence, our scope of review is limited to determining whether or not constitutional rights have been violated, errors of law have been committed, or necessary findings of fact are unsupported by substantial evidence. *Rowan v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 56, 426 A.2d 1304 (1981).

The employer argues here that the record does not contain substantial evidence in support of the referee's finding that the claimant was totally disabled as a result of the aggravation of claimant's preexisting granuloma. More specifically, it contends that the claimant failed to prove by unequivocal medical testimony that the admittedly aggravated granuloma condition led to the ulnar nerve palsy and to her consequent total disability.[6] Keeping in mind our re-

---

[6] We note that there appears to be no dispute with the referee's finding that claimant's reassignment to a cleaner aggravated her granuloma condition; but, rather that claimant suffered no compensable disability as a result of the aggravation.

cent holding as to the phrase "unequivocal medical testimony" in *Philadelphia College of Osteopathic Medicine,* we note that, although two expert medical witnesses testified on behalf of the claimant neither was asked nor did either state whether or not the aggravation of the claimant's granuloma caused the ulnar nerve palsy to her left wrist. We must conclude, therefore, that the claimant did not meet her burden of proof[7] for she did not present *any* medical evidence as to the causal relationship between the aggravated granuloma and the ulnar nerve palsy for which she underwent surgery.[8] The referee's finding that the aggravation resulted in claimant's total disability following surgery, therefore, was not based on substantial evidence and must be reversed.

Having found that the claimant did not suffer any compensable disability, we need not address her argument that the referee's determination concerning the length of her total disability was not based on substantial evidence.

Accordingly, we will affirm the Board's denial of benefits for the claimant's fractured wrist and reverse the Board's award of benefits for total disability due to the aggravated granuloma.

## ORDER

AND Now, this 14th day of December, 1983, the order of the Workmen's Compensation Appeal Board in No. 2119 C.D. 1982 is affirmed.

---

[7] *See supra* p. 100.

[8] Dr. Alexander Silverman, a dermatologist, testified that claimant's granuloma was aggravated by dirt and the cleaning fluids encountered in her new position as cleaner. Although Dr. Phillips opined that the fracture might have caused the ulnar nerve palsy, neither he nor Dr. Silverman linked the granuloma condition to the ulnar nerve palsy.

## ORDER

AND Now, this 14th day of December, 1983, the order of the Workmen's Compensation Appeal Board in No. 2182 C.D. 1982 is reversed.