Anthony Stratton, Petitioner *v.* Workmen's Compensation Appeal Board (Babcock & Wilcox), Respondents.

Submitted on briefs September 12, 1985, to Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Leonard P. Kane, Jr.,* with him, *Michael E. Relich, Fried, Kane, Walters & Zuschlag,* for petitioner.

*David A. Cicola, William K. Herrington & Associates,* for respondent, Babcock & Wilcox.

OPINION BY JUDGE PALLADINO, December 12, 1985:

This is an appeal by Anthony Stratton (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision terminating benefits to Claimant on the ground that he had fully recovered from a work-related disability. We affirm.

Claimant was injured on December 11, 1980 while employed as an abrasive saw operator by Babcock & Wilcox (Employer). Claimant received workmen's compensation benefits, pursuant to a notice of compensation payable, from the date of the injury until December 21, 1981, when Employer filed a petition for termination accompanied by a physician's affidavit of recovery. A hearing was held before a referee

on July 23, 1982, at which both Claimant and Employer presented expert medical testimony.

Employer's expert, a board certified neurologist, examined claimant on December 21, 1981, performed tests and reviewed Claimant's medical records. He concluded that Claimant had suffered a lumbosacral sprain from which he had fully recovered. Employer's expert opined that Claimant was able to return to his former position, without limitation, on December 21, 1981.

Claimant's expert, a general practitioner, began treating Claimant in April of 1981. He had initially diagnosed Claimant as suffering from lumbar strain. In January of 1982, however, he changed his diagnosis to bursitis of the right hip. Claimant's expert concluded that, although Claimant was no longer disabled because of lumbar strain, he was unable to return to his former position because of pain and limitation of motion in the right hip caused by bursitis.

The referee specifically found the testimony of Employer's expert to be more credible than that of Claimant's expert. Therefore, the referee concluded that Claimant was able to return to his former position, and granted Employer's termination petition. The Board affirmed the referee's decision on the basis that the referee had weighed the conflicting medical testimony, made a credibility determination, and made findings which were supported by substantial evidence.

Claimant now appeals to this Court asserting that the referee's decision is not supported by substantial evidence because it is based solely upon testimony of Employer's expert which was legally incompetent. Claimant argues that because Employer's expert is a neurologist and did not conduct an orthopedic examination of Claimant's hip, his testimony about Claimant's disability is equivocal and, therefore, incompetent. This argument must be rejected.

It is true, as Claimant asserts, that Employer's expert stated that he would not want to render an opinion as to whether bursitis of the hip would prevent Claimant from performing his previous job duties. He also stated, however, that neither his examination, which included the back, leg and hip areas, nor his review of Claimant's medical records, which included an x-ray report that stated Claimant's hip revealed no abnormality, indicated that Claimant suffered from a hip problem. Further, Claimant never told Employer's expert that he was having a problem with his hip. This testimony tends to undermine the credibility of Claimant's expert regarding Claimant's disabling condition of bursitis of the hip.

The referee may accept or reject the testimony of any witness in whole or in part. *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Deppenbrook)*, 82 Pa. Commonwealth Ct. 596, 476 A.2d 989 (1984). The referee may reject even uncontradicted testimony if he finds it to be credible. *Hilliard v. Workmen's Compensation Appeal Board (Wm. Penn Hotel)*, 79 Pa. Commonwealth Ct. 96, 468 A.2d 881 (1983). The referee in the case at bar rejected the testimony of Claimant's expert, that Claimant was disabled by bursitis, because he found it to be not credible.

Thus, the referee resolved the conflicting medical testimony against Claimant and his findings are supported by substantial evidence. Accordingly, the Board's order is affirmed.

### ORDER

AND Now, December 12, 1985, the order of the Workmen's Compensation Appeal Board, No. A-85854, dated March 22, 1984, is affirmed.