561 A.2d 1327

**McGRAW EDISON POWER SYSTEMS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (KUZIOR), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 26, 1989.

Decided July 24, 1989.

Petition for Allowance of Appeal March 21, 1990.

William R. Miller, Ceisler, Richman & Smith, Washington, for petitioner.

Benjamin L. Costello, with him, Eric P. Betzner, Yablonski, Costello, Leckie & Chaban, Washington, for respondents, Joe Kuzior.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Before us is an appeal by McGraw–Edison Power Systems (Employer) from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of total disability benefits to Joseph Kuzior (Claimant) resulting from mixed dust pneumoconiosis and its sequelae he contracted during his various coal mine and steel mill employments in Pennsylvania.

Claimant was employed as a craneman at McGraw–Edison from March 16, 1970, to January 27, 1984, when he retired. Prior to 1970 he worked approximately twenty-nine years as a craneman in a steel mill, and approximately two years in various coal mines in the state.

During his tenure with Employer Claimant operated cranes in Buildings 47, 55 and 25. The cranes were of two types, essentially similar in design and operation, except for differences in height. The cab of one type was located approximately twenty-six feet above the floor, and the cab of the other was approximately forty-six feet high. The cabs were located along the walls of the building above areas where welding and torch-cutting operations took place.

Claimant was examined on September 22, 1984 by Dr. J.D. Silverman, who testified that at that time Claimant complained of a severe hacking cough, which he stated had somewhat improved since his retirement. Dr. Silverman took Claimant's medical history, occupational history, a

chest X-ray, and performed pulmonary function studies. As a result of this physical examination, Dr. Silverman arrived at a diagnosis of mixed dust pneumoconiosis, caused by Claimant's total and cumulative exposures to the atmospheres of coal mines and steel mills, which left him totally and permanently disabled.

Claimant subsequently filed a claim petition for partial disability. The referee conducted hearings at which both parties presented expert testimony concerning Claimant's health and respiratory condition. Employer also produced expert testimony regarding the atmospheres in the buildings in which Claimant had worked. After evaluating all the evidence presented, the referee concluded that Claimant was totally and permanently disabled as a result of mixed dust pneumoconiosis arising in the course of his employment, and awarded total disability benefits for occupational disease as defined by Section 108(n) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 27.1(n). On appeal by Employer, the Board affirmed, and this appeal followed.

Employer first asserts that Claimant's medical expert, Dr. Silverman, failed to present competent medical evidence for the purpose of establishing the requisite causal connection between Claimant's pneumoconiosis and his employment with the Employer. Employer further asserts that the record lacks substantial competent evidence to support the referee's finding that Claimant has mixed dust pneumoconiosis and that he is disabled. We realize that our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or necessary findings of fact are supported by substantial competent evidence. *Mrs. Smith's Frozen Foods Co. v. Workmen's Compensation Appeal Board (Clouser),* 114 Pa.Commonwealth Ct. 382, 539 A.2d 11 (1988).

Because the issues of causation, disease and disability are closely intertwined, we shall treat them all together. Employer first contends that Dr. Silverman's testimony is not competent to establish the necessary causal connection be-

tween Claimant's disease and his employment.[1] Specifically, Employer maintains that Dr. Silverman's testimony merely established a causal connection between Claimant's disease and his employment in mines and mills, not his employment with McGraw–Edison. Further, Employer argues that because Dr. Silverman admitted that only certain substances, when respired, cause pneumoconiosis, proof of Claimant's exposure to such substances while at McGraw–Edison was a prerequisite to establishing a causal connection. Employer asserts that since it provided the uncontroverted evidence of an industrial hygienist to prove the absence of such substances, the causal connection was not established.

In *Vital Signs Institute, Inc. v. Workmen's Compensation Appeal Board (Burke & Humetrics Co.)*, 114 Pa. Commonwealth Ct. 191, 196, 538 A.2d 617, 619–20 (1988), this Court stated:

> [O]ur causation analysis on review actually involves three steps: (1) whether as a matter of law there was an 'obvious causal connection' between a work-related incident and an injury; (2) if there was not, whether as a matter of law the claimant presented competent unequivocal medical testimony of causation; and (3) if he did, whether there was substantial evidence of record to support the factual determination of causation. (Footnote omitted.)

Since the connection in this case is not obvious, we look to Dr. Silverman's testimony to see if it withstands analysis,

1. In *Fruehauf Corp. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 341, 346–48, 376 A.2d 277, 280 (1977), this Court summarized the requirements of Section 108(n):

 [A] claimant must show that the occupational disease is a hazard of his employment and that he was exposed to it. To satisfy this requirement, a claimant may reasonably identify or describe the causative factors of the disease, demonstrate that the factors are significantly present in his employment, and show that he was exposed to this significant presence.

 The claimant must demonstrate that the disease is causally related to the industry or occupation and that the incidence of the disease is substantially greater in the industry or occupation than in the general population. (Footnotes omitted.)

keeping in mind that medical testimony which is based on possibilities and suppositions is not unequivocal. *Lewis v. Workmen's Compensation Appeal Board (Pittsburgh Board of Education)*, 508 Pa. 360, 498 A.2d 800 (1985).

Dr. Silverman stated that he believed with a reasonable degree of medical certainty that Claimant had mixed dust pneumoconiosis caused by his years of employment in the steel mills and coal mines of Pennsylvania. He further stated that it was his opinion that Claimant should not work in a dusty atmosphere, even if he were exposed to inert (i.e., nonpneumoconiosis-causing) dusts. In deciding the issue of causation we note that recovery may be had for the aggravation of a preexisting condition as well as the origination of a new one. *Hilliard v. Workmen's Compensation Appeal Board (William Penn Hotel)*, 79 Pa. Commonwealth Ct. 96, 468 A.2d 881 (1983). The testimony conclusively established the presence of various dusts, fumes and vapors at Employer's place of business. Therefore, we find that Claimant has presented substantial evidence supporting a finding of causation.

 It is the referee's job to consider the weight, credibility, and competency of evidence, and he is not bound to accept as true even uncontroverted testimony. *Werner v. Workmen's Compensation Appeal Board (Bernardi Brothers, Inc.)*, 102 Pa. Commonwealth Ct. 463, 518 A.2d 892 (1986). The referee found that Dr. Silverman's testimony was competent and unequivocal, and that it conclusively established a causal relationship between Claimant's employment and his occupational disease. The facts on the record support such a finding. Claimant did not smoke, was suffering from a severe hacking cough, and Employer's own medical witnesses testified to the presence of opacities in the lungs on Claimant's X-rays. The fact that Dr. Silverman's opinion conflicted with those of other medical experts does not make it equivocal. As long as the doctor could state, with a reasonable degree of medical certainty, that Claimant was totally and permanently disabled due to mixed dust pneumoconiosis, and that Claimant's condition was caused by his total and cumulative

exposures to coal mine and steel mill atmospheres, and that his constant exposure to dust, fumes, and vapors at Employer's place of business was hazardous to his health, Claimant provided substantial competent evidence to support a finding of causation.

Since we have already established that Claimant's medical witness was competent, his evidence, together with the other testimony presented, is substantial to support the referee's finding that Claimant had mixed dust pneumoconiosis. The medical facts are supportive of Dr. Silverman's diagnosis, and it was found that the risks attributable to a dusty work environment prohibited Claimant from returning to his job. There was absolutely no evidence that there was alternative available work for Claimant, and thus the record substantially supports a finding of total disability.

For the foregoing reasons, we affirm the referee's award of total disability benefits.

## ORDER

AND NOW, this 24th day of July, 1989, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.