604 A.2d 1145

Elisha SHOEMAKER, Deceased by Mary
M. SHOEMAKER, Widow, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(JENMAR CORPORATION and Continental
Casualty Company), Respondents.

JENMAR CORPORATION and Continental
Casualty Company, Petitioners,

v.

WORKMEN'S COMPENSATION APPEAL
BOARD (SHOEMAKER), Respondent.

Commonwealth Court of Pennsylvania.

Argued Oct. 8, 1991.

Decided Feb. 24, 1992.

Reargument Denied April 22, 1992.

668

R. Thomas Forr, Jr., for petitioner/respondent Shoemaker.

Joseph F. Grochmal, for respondent/petitioner Jenmar Corp. and Continental Cas. Co.

Before McGINLEY and SMITH, JJ., and BARRY, Senior Judge.

SMITH, Judge.

Before this Court are two consolidated petitions for review. In one, Mary M. Shoemaker (Shoemaker), widow of Elisha B. Shoemaker (Claimant), deceased, seeks review of the order of the Workmen's Compensation Appeal Board (Board) reversing the referee's decision granting Shoemaker's fatal claim petition filed pursuant to The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031. In the other, Jenmar Corporation (Employer) seeks review of that portion of the Board's order affirming the referee's decision granting Claimant's reinstatement petition.

Issues raised by Shoemaker are whether substantial evidence supports the referee's finding that Claimant developed AIDS as a result of blood transfusions received during surgery which was made necessary by the original work-related injury; whether the three-hundred week limitation for the purposes of fatal claim benefits under Section 301(c)(1) of the Act, 77 P.S. § 411(1), begins to run from the date Claimant received blood transfusions in February 1982 or the original date of injury on February 11, 1980; and whether Section 301(c)(1) is constitutional under both the Pennsylvania and United States Constitutions.[1] Employer has raised the same issues. For the reasons discussed below, the Board's order is affirmed.

1. This Court's scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether there was a violation of constitutional rights. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

Claimant was injured in a tractor-trailer accident on February 11, 1980 while in the course of employment and was paid total disability benefits until his return to work in July 1981. Claimant thereafter had various periods of total and partial disability caused by his injury for which supplemental agreements were executed. Due to his injuries consisting of a fractured pelvis, knee, and left leg, Claimant underwent surgery at the time of the accident and again in February 1982. For the 1980 surgery Claimant received a blood transfusion of twenty-six units, and for the 1982 surgery he received forty units of blood. In February 1987, Claimant was diagnosed as having Acquired Immunodeficiency Syndrome (AIDS), and died as a result of this disease on July 25, 1987.

Claimant filed a reinstatement petition on May 26, 1987 alleging that he again became disabled on February 1, 1987 because of a serious medical condition (AIDS) directly related to his compensable injury. He also alleged that he would incur medical expenses because of this condition. Upon Claimant's death, his widow filed a fatal claim petition alleging that Claimant's death was the result of having contracted AIDS from the blood transfusions.

Shoemaker testified before the referee that she had not engaged in outside marital activities and that she has not been diagnosed as having the HIV (Human Immunodeficiency Virus) antibody in her blood system. She also introduced the deposition testimony of Claimant, taken two days before his death, and Francis X. Solano, M.D., Claimant's treating physician. Claimant testified that he had never engaged in any extra-marital affair, that he had never had blood transfusions other than those indicated in 1980 and 1982, that he had never used drugs, and that he had never engaged in homosexual activities. Dr. Solano testified that Claimant developed AIDS as a result of the multiple units of blood he received during his surgical procedures and opined that it was "more likely" that Claimant contracted the virus from the 1982 transfusions and that "the odds" favored such a conclusion.

Employer's evidence consisted solely of a report by Glenn Ramsey, M.D., the director of the central blood bank, showing the results of an investigation made into the transfusions given Claimant. Of the forty donors from 1982, seventeen tested negative for HIV, contact was lost with twelve, one donor declined to be tested, and ten units had been imported from other blood centers from whom no word had been received. Further, no information had been received on the 1980 transfusions.

The referee specifically found credible Dr. Solano's testimony that Claimant had acquired AIDS from the blood transfusions and concluded that Claimant's contracting of AIDS was directly related to his 1980 work-related injury. The referee thus granted both the reinstatement and fatal claim petitions. Upon appeal by Employer, the Board affirmed that part of the referee's decision granting the reinstatement petition, but reversed the award of fatal claim benefits since Claimant's death did not occur within three hundred weeks of the injury date as required by Section 301(c)(1) of the Act.

■ Regarding the reinstatement petition, Employer contends that Dr. Solano's testimony lacks an adequate legal foundation because it was based upon the assumption, not confirmed by any evidence in the record, that the donated blood contained the AIDS virus. Employer thus concludes that Claimant has not met his burden of proving a causal relationship between his work-related injury and his alleged disability. *See Lewis v. Commonwealth,* 508 Pa. 360, 498 A.2d 800 (1985). Moreover, injuries unrelated to one's employment are compensable if they are the proximate result of prior work-related injuries. *Bush Coal Co. v. Workmen's Compensation Appeal Board (Adams),* 92 Pa.Commonwealth Ct. 506, 499 A.2d 730 (1985). Where there is no obvious causal connection between an injury and the alleged cause, that connection must be established by unequivocal medical testimony. *Lewis.*

Dr. Solano was deposed twice and both times his opinion was clear and unequivocal that Claimant's AIDS was due to

the transfusions. Even so, Employer argues that Dr. Solano solely based his opinion on Claimant's denial of any activity associated with known methods of AIDS transmission. Employer cites *Hilliard v. Workmen's Compensation Appeal Board (William Penn Hotel)*, 79 Pa.Commonwealth Ct. 96, 468 A.2d 881 (1983), for the proposition that a medical expert's testimony predicated upon his or her patient's statements cannot constitute unequivocal medical evidence. In *Hilliard*, the medical expert testified that the claimant stated she broke her wrist at work, which the claimant repeated in her testimony. The claimant argued that the expert's testimony was unequivocal medical evidence that the fracture occurred at work. This Court rejected the claimant's argument because the referee chose to disbelieve the claimant's testimony, thus rendering the medical expert's testimony incompetent. Thus, *Hilliard* is inapplicable here because Claimant's deposition supports Dr. Solano's testimony, found credible by the referee, ruling out other high-risk factors and targeting the transfusions as the cause of Claimant's disability.

■ Employer further argues that the lack of positive findings in Dr. Ramsey's blood donor investigation rendered valueless Dr. Solano's testimony regarding causation. *See Lookout Volunteer Fire Co. v. Workmen's Compensation Appeal Board*, 53 Pa.Commonwealth Ct. 528, 418 A.2d 802 (1980) (where expert opinion is based on an assumption not in the record, it is valueless). However, Dr. Ramsey's report goes only to the weight of the evidence. In such cases, the referee is the final arbiter of credibility and weight of the evidence. *Volkswagen of America v. Workmen's Compensation Appeal Board (Russell)*, 143 Pa.Commonwealth Ct. 69, 598 A.2d 602 (1991). Hence, the testimony submitted by Claimant provides substantial evidence for the referee's findings concerning the reinstatement petition, and this Court will not disturb those findings.

■ The referee did err, however, in granting Shoemaker's fatal claim petition. Section 301(c)(1) of the Act is clear as to the circumstances under which a dependent may

be entitled to fatal claim benefits and provides in relevant part: "wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such injury and its resultant effects, and occurring within three hundred weeks after the injury." Section 301(c)(1) denies benefits to a claimant when more than three hundred weeks have elapsed between the commencement of the compensable injury and the injury-related death. *Antonucci v. Workmen's Compensation Appeal Board (U.S. Steel Corp.)*, 133 Pa.Commonwealth Ct. 273, 576 A.2d 401 (1990), *appeal denied*, 527 Pa. 651, 593 A.2d 423 (1991). Since Claimant's death in July 1987 occurred more than three hundred weeks after his February 1980 accident, Shoemaker is not entitled to fatal claim benefits.

■ Shoemaker contends that the three-hundred week limitation period began to run in February 1982 when Claimant contracted AIDS through blood transfusions which was, in effect, a "new injury." Shoemaker's contention fails in two respects. First, there is no legal authority to support her definition of injury. Shoemaker cites *Pawlosky v. Workmen's Compensation Appeal Board*, 514 Pa. 450, 525 A.2d 1204 (1987), and *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board*, 62 Pa.Commonwealth Ct. 424, 437 A.2d 771 (1981), to support her position; however, both cases are inapposite because they only define "injury" in terms of occupational disease pursuant to Section 301(c)(2) of the Act, 77 P.S. § 411(2).[2] Furthermore, this Court held in *Olsen Bodies, Inc. v. Workmen's Compensation Appeal Board (Gavas)*, 132 Pa.Commonwealth Ct. 417, 422, 573 A.2d 238, 240 (1990), *appeal denied*, 527 Pa. 655, 593 A.2d 426, 527 Pa. 656, 593 A.2d 427 (1991), that "there is no recovery for death occurring more than three hundred weeks after a non-occupational disease

---

**2.** Section 301(c)(2) provides in relevant part:
The terms "injury," ... and "injury arising in the course of his employment," ... shall apply only to disability or death resulting from such [occupational] disease and occurring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease....

type injury", relying on *Kujawa v. Latrobe Brewing Co.*, 454 Pa. 165, 312 A.2d 411 (1973). Moreover, the language regarding the time limitation in Section 301(c)(2) is not equally applicable to cases involving injuries which are not in the nature of an occupational disease. *Olsen Bodies.* Because Claimant did not have an occupational disease, Shoemaker cannot employ the language of Section 301(c)(2) to support her argument. *Antonucci; Olsen Bodies.*

█ Second, Shoemaker's contention fails because Dr. Solano's testimony, although unequivocal as to causation of the AIDS virus, was equivocal as to which transfusion was responsible for Claimant's AIDS. Medical evidence which is less than positive or which is based upon possibilities does not constitute legally competent evidence. *Lewis.* Statements that an assigned cause "could have" been the cause of a condition have repeatedly been held to be legally insufficient. *Id.* Dr. Solano's testimony that Claimant's AIDS was "more likely" due to the 1982 transfusion and that "the odds" favored such a conclusion does not constitute legally competent medical evidence. Therefore, even if Shoemaker's definition of "injury" were applicable here, this Court could not rule that the three hundred week period begins to run in 1982 because of the lack of substantial competent evidence to that effect.[3]

## ORDER

AND NOW, this 24th day of February, 1992, the order of the Workmen's Compensation Appeal Board dated October 31, 1990 is hereby affirmed.

McGINLEY, J., concurs in the result only.

---

3. Shoemaker's constitutional arguments need not be addressed in light of this Court's decision. However, suffice it to say that identical challenges to Section 301(c)(1) have been decided adversely to Shoemaker's contentions in *Antonucci* and *Formicola v. Workmen's Compensation Appeal Board (City of Philadelphia)*, 97 Pa.Commonwealth Ct. 274, 509 A.2d 434 (1986).