Jamie **WHITESELL**, Petitioner

v.

**WORKERS' COMPENSATION APPEAL BOARD (STAPLES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 7, 2013.
Decided July 10, 2013.

298

Thomas D. Aristide, Bethlehem, for petitioner.

Audrey J. Copeland, King of Prussia, for respondent Staples, Inc.

BEFORE: PELLEGRINI, President Judge, LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY President Judge PELLEGRINI.

Jeffrey Whitesell (Claimant), on behalf of Jamie Whitesell (Decedent),[1] petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ) denial of his Fatal Claim Petition (Petition) because Decedent's death did not occur within 300 weeks of the date of her original work injury as required by Section 301(c)(1) of the Workers' Compensation Act (Act).[2] For the reasons that follow, we affirm.

On October 15, 2003, Decedent sustained an injury in the course of her employment with Staples, Inc. (Employer) described in Employer's Notice of Compensation Payable (NCP) as a "lumbar strain/sprain." After undergoing two spine surgeries, the second of which occurred on March 13, 2006, Decedent filed a Petition to Review Compensation Benefits. On June 28, 2006, in accordance with a stipulation of the parties, the WCJ granted the review petition and amended the description of the work injury to "lumbar strain/sprain and lumbar disc disruption L4–L5, resulting in total disc arthroplasty at L4–L5 level." (WCJ's Finding of Fact No. 5).

1. Claimant is the widower of Decedent.

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1). That section provides, in relevant part:
The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury; and wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such injury and its resultant effects, and occurring within three hundred weeks after the injury.

On June 8, 2011, Claimant filed a Fatal Claim Petition alleging that on June 13, 2010, Decedent died as a result of mixed drug toxicity from medications prescribed by her treating physician. Employer filed a timely Answer to the Petition denying the material allegations and asserting that the Petition must be dismissed because Decedent's death did not occur within 300 weeks of the date of her work injury as required by Section 301(c)(1) of the Act.

Before the WCJ, Claimant testified, *inter alia*, as to Decedent's work injury, her subsequent medical treatment, and the events leading up to her death. The parties also submitted various medical reports and affidavits.

The WCJ denied Claimant's Petition, concluding that "[b]ecause [Decedent] died more than 300 weeks after the date of her injury, this Fatal Claim Petition is barred under Section 301(c)(1) of the Act." (WCJ's December 14, 2011 Decision at 9). Claimant appealed to the Board arguing that because Decedent's death arose from an additional "injury" that was accepted pursuant to the WCJ's 2006 decision, her death was within the 300–week time limitation. The Board held that the 300–week period of Section 301(c)(1) applies to Decedent because she sustained a work injury as opposed to an occupational disease[3] and, citing *Shoemaker v. Workmen's Compensation Appeal Board (Jenmar Corporation)*, 145 Pa.Cmwlth. 667, 604 A.2d 1145, *appeal denied*, 533 Pa. 614, 615, 618 A.2d 403, 404 (1992), concluded that "even

in the case of an apparently consequential injury, arising subsequent to the date of the recognized injury, the 300–week period between a decedent's work injury and death will be calculated beginning with the date of the original work injury." (Board's January 23, 2013 Decision at 4). The Board rejected Claimant's argument that the rationale for distinguishing between a work injury and an occupational disease does not apply here because Decedent had an "additional insidious injury." The Board explained that the "Commonwealth Court has concluded pursuant to Section 301 of the Act that without exception, where the condition arose from a work injury as opposed to an occupational disease and death did not occur within 300 weeks of the work injury, the death is not compensable." *Id.* at 5. Accordingly, the Board affirmed the WCJ's decision. This appeal by Claimant followed.[4]

On appeal, Claimant contends that the term "injury" for purposes of the 300–week limitation should mean the original injury in addition to any other injuries which occurred as a result of the original injury. Therefore, Claimant argues, the 300–week limitation to file a death claim starts from the date that the additional injuries occurred. Claimant asserts that the present case is distinguishable from *Shoemaker* because, in that case, the claimant did not file a review petition to expand the accepted work injury, as Decedent did here in 2006 to expand the description of her injury to "lumbar strain/

3. Section 301(c)(2) of the Act, 77 P.S. § 411(2), provides, in relevant part:
[W]henever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease ...

4. Our review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, and whether constitutional rights were violated. *Sysco Food Services of Philadelphia v. Workers' Compensation Appeal Board (Sebastiano)*, 940 A.2d 1270, 1272 n. 1 (Pa.Cmwlth.2008).

sprain and lumbar disc disruption L4–L5, resulting in total disc arthroplasty at L4–L5 level."

This Court has consistently held, without exception, that Section 301(c)(1) denies benefits to a claimant when more than 300 weeks have elapsed between the commencement of the compensable injury and the injury-related death. *Shoemaker*, 604 A.2d at 1148; *Antonucci v. Workmen's Compensation Appeal Board (U.S.Steel)*, 133 Pa.Cmwlth. 273, 576 A.2d 401 (1990), *appeal denied*, 527 Pa. 651, 593 A.2d 423 (1991) (affirming decision denying fatal claim petition where work-related fall caused quadriplegia and claimant's death from related respiratory failure occurred 14 years after work accident); *Formicola v. Workmen's Compensation Appeal Board (City of Philadelphia)*, 97 Pa. Cmwlth. 274, 509 A.2d 434 (1986) (affirming decision that fatal claim petition was time barred where police officer suffered myocardial infarction while on duty and died 23 years later as a result).

In *Shoemaker*, the principal case relied upon by the Board, the claimant was injured in a tractor-trailer accident in February 1980 during the course of his employment. The claimant underwent two surgeries, in 1980 and 1982, as a result of his injuries and received blood transfusions during each procedure. The claimant was diagnosed with Acquired Immunodeficiency Syndrome (AIDS) in February 1987 and died as a result of the disease in July 1987. The Board held that the claimant's widow was not entitled to fatal claim benefits because the claimant's death in July 1987 occurred more than 300 weeks after his February 1980 accident. On appeal, the claimant's widow made the same argument as Claimant makes here—that the 300–week limitation period began to run in February 1982 when claimant contracted AIDS from the blood transfusion,

which was, in effect, a "new injury." *Shoemaker*, 604 A.2d at 1148. We rejected that argument on the basis that there was no legal authority supporting such a definition of injury and because "there is no recovery for death occurring more than three hundred weeks after a non-occupational disease type injury." *Id.* at 1149 (citing *Olsen Bodies, Inc. v. Workmen's Compensation Appeal Board (Gavas)*, 132 Pa.Cmwlth. 417, 573 A.2d 238, 240 (1990), *appeal denied*, 527 Pa. 655, 656, 593 A.2d 426, 427 (1991)).

*Shoemaker* cannot be meaningfully distinguished from the present matter. It is irrelevant that Decedent's work injury was legally expanded by the WCJ in 2006 to include lumbar disc disruption resulting in total disc arthroplasty. The fact remains that the compensable injury *commenced* in 2003. Moreover, the holding in *Shoemaker* was not based on the fact that the injury description was not amended to include the claimant's AIDS diagnosis; it was based solely on the fact that the death occurred more than 300 weeks after the initial, non-occupational disease-type injury.

Moreover, while purporting to not be arguing that this case should fall within the ambit of an occupational disease claim, Claimant nevertheless asserts that he should be permitted to present his Petition within 300 weeks of the date that the additional injury occurred or became part of the injury description because it was an "insidious" injury and not a "standard" work injury. Claimant then argues the same rationale for delineating between work injuries and occupational diseases should apply here. Mixed drug toxicity is no more insidious than contracting AIDS through a blood transfusion that was the cause of death in *Shoemaker*. Claimant's attempt to create a new classification for Decedent's work injury is contrary to both

the plain language of the Act and the aforementioned case law and, therefore, the Board properly rejected this argument.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this *10th* day of *July*, 2013, the order of the Workers' Compensation Appeal Board, dated January 23, 2013, at No. A12–0017, is affirmed.

